IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS BYRD, # S09454,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00783-GPM |
| ) | |
| **LOUIS SHICKER,** ) | |
| **DR. SHAH,** ) | |
| **ANGEL RECTOR, and** ) | |
| **CHRISTIE BROWN,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Thomas Byrd, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

## **The Complaint**

According to the complaint (Doc. 1), Plaintiff Byrd has tested positive for tuberculosis ("TB"), but his repeated requests for medication that can prevent him from becoming symptomatic have been denied. Now, Plaintiff has diarrhea, shortness of breath, chest pain and blood in his urine, which he claims are symptoms of TB. After filing a grievance, Plaintiff was seen by an unidentified nurse on April 26, 2013. Although the nurse told Plaintiff that he would be called to see a doctor, Plaintiff was never called. After filing a grievance, Plaintiff was told that he had refused treatment when he had not; rather, an officer had not called him to the health

care unit. To date, Plaintiff has not received the requested medication. He prays for punitive damages and injunctive relief.

### Discussion

The Eighth Amendment guarantees adequate medical care to prisoners, *see Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); therefore the complaint suggests a colorable claim. However, the complaint does not describe the involvement of any of the four named defendants in the denial of medical care alleged in the complaint. Even assuming the unidentified nurse is Defendant Rector, the head nurse at Pinckneyville, Plaintiff does not blame the nurse for his not being brought to the health care unit. Rather, Plaintiff blames a correctional officer, and none of the named defendants are described as correctional officers.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Plaintiff has failed to state a claim upon which relief can be granted. The complaint will be dismissed without prejudice and with leave to file an amended complaint.

### Disposition

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice because it fails to state a claim against any named defendant upon which relief can be granted.

**IT IS FURTHER ORDERED** that on or before **Monday, September 30, 2013,** Plaintiff shall file an amended complaint. Any amended complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that if he fails to file a First Amended Complaint by the prescribed deadline this case will likely be closed pursuant to Federal Rule of Civil Procedure 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that, because his obligation to pay the $350.00 filing fee for this action was incurred at the time the action was filed, *if* he elects not to proceed with this action, he still must pay the filing fee.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 29, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge